IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN JOSEPH SCHMITT #243-844
         Petitioner                 *

     v.                            * CIVIL ACTION NO. JFM-06-1543

WILLIAM WILLIAMS, et al.         *
         Respondents

*******

### MEMORANDUM

Currently confined at the Maryland House of Correction, petitioner Steven Joseph Schmitt

filed the instant 28 U.S.C. § 2254 habeas corpus application on June 15, 2006, challenging his 1994

conviction and sentence for murder, attempted armed robbery, and a handgun violation.  Paper No.

1.  For the reasons set out herein, this court concludes that the pending application for habeas corpus

relief must be dismissed without prejudice at this time.

On February 1, 2002, petitioner filed his first federal habeas corpus application which was

subsequently denied by this court on October 9, 2002.   *See Schmitt v. Hutchinson, et al*, Civil

Action No. JFM-02-370 (D. Md 2002).  Under the Antiterrorism and Effective Death Penalty Act

of 1996, petitioner may file this second or successive habeas corpus petition only if he has moved

the appropriate circuit court for an order authorizing the district court to consider his application.

*See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).

Before this court may consider the pending petition, the United States Court of Appeals for

the Fourth Circuit must enter an order authorizing this court to consider Mr. Schmitt's application

for habeas corpus relief.  *See* 28 U.S.C. § 2244(b)(3)(A);[1] *see In re Avery W. Vial*, 115 F.3d 1192,

---

[1]      28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

1197-98 (4th Cir. 1997). Petitioner has not complied with this "gatekeeper" provision. Therefore, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to file a motion to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

For the reasons set forth herein, this court is without jurisdiction to review the instant petition, and accordingly it shall be dismissed. A separate Order follows.


June 26, 2006                                    /s/
   Date                                      J. Frederick Motz
                                             United States District Court Judge